PEOPLE v REYNOLDS

Docket No. 103442. Submitted April 6, 1988, at Detroit. Decided September 7, 1988.

Kevin Don Reynolds, the father of a child born out of wedlock, was charged under the parental child stealing statute with a felony after he picked up his son from a babysitter and removed him from the state. He was bound over to the Monroe Circuit Court on the charge following a preliminary hearing. The court, Daniel L. Sullivan, J., quashed the information. The people appealed.

The Court of Appeals *held:*

The father of an illegitimate child who takes that child from a babysitter with whom the child was left by the mother and removes the child from the state may be charged under the parental child stealing statute.

Reversed and remanded.

KIDNAPPING — PARENT AND CHILD — CHILDREN BORN OUT OF WEDLOCK.

The father of an illegitimate child who takes that child from a babysitter with whom the child was left by the mother and removes the child from the state may be charged under the parental child stealing statute (MCL 750.250a; MSA 28.582[1]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William D. Frey,* Prosecuting Attorney, and *Lawrence J. VanWasshenova,* Assistant Prosecuting Attorney, for the people.

*Daniel S. White,* for defendant on appeal.

REFERENCES

Am Jur 2d, Abduction and Kidnapping § 19.

Am Jur 2d, Parent and Child §§ 92-96.

Kidnapping or related offense by taking or removing of child by or under authority of parent or one in loco parentis. 20 ALR4th 823.

Before: HOLBROOK, JR., P.J., and MACKENZIE and
N. A. BAGULEY,* JJ.

N. A. BAGULEY, J. The people appeal as of right
from an order of the circuit court quashing an
information charging defendant with violating
MCL 750.350a(1); MSA 28.582(1)(1). We reverse
and bind defendant over to stand trial on the
charge.

Defendant, Kevin Don Reynolds, and complain-
ant, Pamela Ray, are the natural parents of a son,
who was born out of wedlock on April 21, 1986.
Although defendant is the father of the child,
defendant and complainant were never married
and no court orders were issued concerning cus-
tody or visitation rights with him. At the prelimi-
nary examination, complainant testified that she
thought that both she and defendant had equal
custody of the child. Complainant also testified
that defendant is married to another woman and
has another child.

On October 24, 1986, complainant left the child
with her father, Clark Ray, for the day. While Mr.
Ray was babysitting for the child, defendant
picked up the child at Mr. Ray's Monroe, Michi-
gan, home and took the child to Florida. On or
about November 21, 1986, complainant went to
Florida to retrieve the child from defendant and
defendant was arrested.

On December 11, 1986, defendant was bound
over to stand trial on the present charge. The
court denied defendant's motion to quash the in-
formation. The case was then reassigned to an-
other circuit judge, who reconsidered defendant's
motion to quash. In an opinion dated August 31,
1987, the circuit judge granted defendant's motion
to quash, finding that the magistrate abused her

---

* Circuit judge, sitting on the Court of Appeals by assignment.

discretion in binding defendant over. The court ruled that both the mother and father were equally entitled to possession of the child, as there existed no court order granting either parent custody or visitation rights. Further, the court ruled that the grandfather, the child's babysitter, had no greater rights to the child than the mother who placed the child in his care. The court concluded that, since it is not criminal to exclusively possess one's child in the absence of a court order, it could not be criminal to exclusively possess the child by way of taking the child from a babysitter, here the grandfather.

MCL 750.350a(1); MSA 28.582(1)(1) provides:

> An adoptive or natural parent of a child shall not take that child, or retain that child for more than 24 hours, with the intent to detain or conceal the child from any other parent or legal guardian of the child who has custody or visitation rights pursuant to a lawful court order at the time of the taking or retention, or from the person or persons who have adopted the child, or from any other person having lawful charge of the child at the time of the taking or retention.

The plain language of the statute shows that a natural parent of a child cannot take or retain the child for more than twenty-four hours with the intent to detain or conceal the child from (1) any other parent or legal guardian, or (2) any person or persons who have adopted the child, or (3) any other person having lawful charge of the child at the time of the taking or retention.

In the instant case, the circuit judge properly analyzed that defendant could not be charged with concealing the child from the mother as she had no custody or visitation rights pursuant to a lawful court order at the time of the taking. However, we

believe the judge incorrectly analyzed whether defendant had taken the child from another person having lawful charge of the child at the time of the taking.

It is not controverted that Mr. Ray had lawful charge of the child at the time defendant picked him up and took him to Florida for approximately four weeks. Under the clear language of the statute defendant's actions fall within this third category. It appears that defendant had the intent to detain the child for more than twenty-four hours from Mr. Ray as well as from complainant. The circuit judge improperly analyzed the grandfather's rights as derivative of the mother's.

The circuit court's and defendant's reliance on *People v Nelson,* 322 Mich 262, 269; 33 NW2d 786 (1948), is misplaced. The statute in question at that time was more general and applied to any person who should take or entice away any child under the age of fourteen years with the intent to detain or conceal the child from his parents. See MCL 750.350; MSA 28.582. *Nelson, supra* at 266. Further, the defendant in *Nelson* was not the father but an uncle who aided in the taking.

Even if we were to analyze the grandfather's rights as derivative of complainant's, we are not persuaded by the circuit judge's reasoning. The child is the illegitimate son of complainant and defendant. MCL 722.2; MSA 25.244(2) provides that, unless otherwise ordered by a court order, the parents of an unemancipated minor are equally entitled to the custody, control, services and earnings of the minor. However, "parents" is defined as the mother if the minor is illegitimate. Thus we disagree with the circuit judge's statement that both parents were equally entitled to possession of the child.

As defendant removed the child from a person

having lawful charge of him at the time of the taking, the circuit judge clearly abused his discretion in quashing the information. Accordingly, we reverse the order and remand for trial on the charge.